Mr. W. Arvel Drury Attorney, Hamilton County School Board Post Office Drawer O Jasper, Florida 32052
Dear Mr. Drury:
This is in response to your request for an opinion on substantially the following questions:
 (1) IS THE ELECTED SUPERINTENDENT OF THE HAMILTON COUNTY SCHOOL DISTRICT A `PUBLIC OFFICIAL' AS THAT TERM IS USED AND DEFINED IN s 116.111(1)(b), F.S.?
 (2) IS THE SISTER OF THE WIFE OF A `PUBLIC OFFICIAL' A `SISTER-IN-LAW' UNDER s 116.111(1)(c), F.S.?
Your inquiry notes that the superintendent of your school district is elected pursuant to the provisions of s 5, Art. IX, State Const. You also note that he exercises jurisdiction and control over each member of his staff, and has the duty and responsibility to recommend or nominate persons to the school board for these staff positions, pursuant to s 230.33(7)(a), F.S. See also, s 230.03(3), vesting responsibility for the administration of schools in the superintendent as the secretary and executive officer of the school board and s 230.31, providing that the superintendent shall be the secretary and executive officer of the school board.
Your letter also notes that last year the superintendent nominated his wife's sister for employment as Assistant Finance Officer, and that this nomination was accepted by the school board. Subsequently, in May of this year the superintendent nominated his wife's sister for appointment to the position of Administrative Assistant for Finance and Planning, a position over which the superintendent will exercise control. This staff position would be either a promotion or advancement for the sister of the wife of the superintendent.
Your first question asks if the elected superintendent of your school district is a `public official' as that term is used and defined in s 116.111(1)(b), F.S. For the following reasons, your first question is answered in the negative.
Section 116.111, F.S., the antinepotism statute, provides in subsection (2)(a):
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual. (e.s.)
Section 116.111(1)(b) defines `public official' for the purposes of s 116.111, unless the context requires otherwise, as
 an officer, including a member of the Legislature, the Governor, and a member of the Cabinet, or employee of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency . . . . (e.s.)
However, s 116.111(1)(a) 6., in defining `agency' for the purposes of the antinepotism law provides in pertinent part that
`Agency' means
 6. Any other political subdivision of the state, except district school boards and community college districts. (e.s.)
Subsection (1)(a) 6. of s 116.111, F.S., expressly excludes district school boards from the `other political subdivision(s)' included within the definition of `agency' for the purposes of the act and from the purview of the antinepotism statute. Accord, AGO 072-72. As hereinbefore noted, the superintendent is the secretary and executive officer of the school board, ss 230.03(3) and 230.31, F.S., and the school districts, s 230.01, and governing boards of the several school districts, ss 230.03(2) and 230.21, are the `agency' excepted from the operation of s 116.111. I note in passing that the superintendent's status as an `elected constitutional officer' has no effect on the applicability of the antinepotism statute to him, see, AGO 077-36, or on his status as provided in ss 230.03(3) and 230.31. Therefore, I must conclude that the elected superintendent of your school district is not a `public official' as that term is used in s 116.111(1)(b), for the purposes of s 116.111, F.S. This conclusion obviates the necessity of responding to your second question.
In summary, it is my opinion that the elected superintendent of the Hamilton County School District is not a `public official' as that term is used and defined in s 116.111(1)(b), F.S., for the purposes of s 116.111, F.S., since the school district and the school board as the governing body of the school district are excepted from the purview of the antinepotism law by the terms of s 116.111(1)(a) 6., F.S., which excludes district school boards from certain political subdivisions defined as an `agency' to whom the antinepotism law applies and regulates.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General